JUDGE DAVID GUADERRAMA

FILED
2021 MAR 22  AM 9:0⌐
CLERK US DISTRICT COURT
ESTERN DISTRICT OF TEXAS
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER,<br><br>                Plaintiff,<br>v.<br><br>CENTURY RELIEF, LLC, d/b/a CENTURY DEBT RELIEF, a New Jersey Limited Liability Company, BARRY SHARGEL, and EMIL YASHAYEV<br><br>                Defendants. | EP21CV0070<br><br>Complaint and Demand for Jury Trial |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff **BRANDON CALLIER** brings this complaint against **CENTURY RELIEF, LLC d/b/a CENTURY DEBT RELIEF** (hereinafter "CENTURY"), **BARRY SHARGEL** (hereinafter "SHARGEL") and **EMIL YASHAYEV** (hereinafter "YASHAYEV") (collectively "Defendants").

### INTRODUCTION

1. Plaintiff's Complaint brings this action for damages, statutory damages, court costs, and injunctive relief under rights pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, 47 C.F.R., Telemarketing Sales Rule ("TSR") 16 C.F.R. § 310, et seq., and sections §302.101 and §305.053 of the Texas Business and Commerce Code for willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls") using an automated telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act, 47

1

U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury and complains and alleges as follows.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v Arrow Fin. Servs., LLC* 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil rights under the TCPA).

3. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendants as Defendants conduct business in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is BRANDON CALLIER, a natural person, resident of the Western District of Texas, and was present in Texas for all calls, in this case in El Paso County, Texas.

7. Defendant CENTURY RELIEF, LLC d/b/a CENTURY DEBT RELIEF is a Limited Liability Company organized and existing under the laws of New Jersey and can be served via registered agent Barry Shargel, 30 Montgomery St, Ste 1200, Jersey City, New Jersey 07302.

8. Defendant BARRY SHARGEL is a natural person and was an officer, managing member, partner, or *de facto* principal of Century Relief, LLC and may be served at 30 Montgomery St, Ste 1200, Jersey City, New Jersey 07302.

9. Defendant EMIL YASHAYEV is a natural person and was an officer, managing

2

member, partner, or *de facto* principal of Century Relief, LLC and may be served at 30 Montgomery St, Ste 1200, Jersey City, New Jersey 07302.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

10. Congress enacted the TCPA to regulate the explosive growth of the Telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy [.]" Telephone Consumer Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire to not receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, Report and Order, 18 F.C.C. Red. 14014, 14115 ¶ 165 (2003). In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential phone lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be

3

sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller, and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. [] In addition, the written agreement must be obtained "without requiring directly or indirectly, that the agreement be executed as a condition of purchasing any good or service. []"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

14. Under the TCPA, an individual such as SHEGRAL or YESHAYEZ may be held personally liable for the acts alleged in this Complaint pursuant to 47. U.S.C. § 227 of the TCPA which reads, *inter alia:*

[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*

47 U.S.C. § 227 (emphasis added).

15. When considering individual officer liability, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. See *e.g., Jackson v. Five Star Catering, Inc., v Beason,* 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the

conduct found to have violated the statute.'"'"); *Maryland v Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

16. Defendants Shargel and Yashayev are personally liable under the "participation theory" of liability because they were executive officers and/or the Principal Owners of Century Relief, LLC, knew of Century's violations, and directed employees and/or agents of Century to continue making those violations.

17. Defendants Shargel and Yashayev authorized and oversaw each of Century's telemarketing processes and calls which were made on behalf of Century.

18. Defendants Shargel and Yashayev personally participated in the telemarketing calls as alleged herein.

19. Defendants Shargel and Yashayev are also personally liable because they were responsible for ensuring Century's agents and/or employees' TCPA compliance.

## THE TEXAS BUSINESS AND COMMERCE CODE § 305.053

20. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

21. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## THE TEXAS BUSINESS AND COMMERCE CODE § 302.101

22. The Texas Business and Commerce code requires sellers to obtain a registration Certificate from the Office of the Secretary of State in order to make telephone solicitations.

23. The Plaintiff may seek damages under Texas law for violations of § 302.101 of up to $5000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs,

deposition expenses, witness fees, and attorney fees.

## FACTUAL ALLEGATIONS

24. On January 26, 2021 Plaintiff received an automated phone call displaying 551-213-9002 on the caller ID. Plaintiff answered and was connected to "Earnest" who stated he was "calling from the Business Debt Experts."

25. Earnest inquired about Plaintiff's debt status and stated he could "help restructure your debt." Earnest then asked for Plaintiff's email address and said he was "going to connect you (Plaintiff) to my senior debt advisor."

26. Plaintiff was then transferred to Louis who identified himself as "a senior debt advisor here at Century Relief." Louis solicited Plaintiff for debt relief services.

27. Louis emailed Plaintiff from louis@centuryrelief.com on January 26, 2021.

28. On January 26, 2021 Defendants sent Plaintiff a text message soliciting their Debt relief services from phone number 347-621-6221.

29. On January 26, 2021 Defendants called Plaintiff from phone number 347-621-6221 to solicit their debt relief services.

30. On January 27, 2021 Defendants twice called Plaintiff from spoofed phone number 915-995-5703 to solicit Plaintiff their debt relief services.

31. On January 27, 2021 Defendants sent Plaintiff a text message from phone number 347-621-6221 to solicit Plaintiff their debt relief services.

32. On January 28, 2020 Defendants again called Plaintiff from spoofed phone number 915-995-5703 to solicit Plaintiff their debt relief services.

33. On January 29, 2021 Defendants called Plaintiff form phone number 347-621-6221 to solicit Plaintiff their debt relief services.

34. Plaintiff's number ending in 4604 has been on the National Do Not Call Registry since December 2007.

35. Defendants sent Plaintiff at least eight calls and text messages.

36. No emergency purpose necessitated the phone calls and text messages.

37. Upon information and belief Defendants conduct business in a manner which violates the Telephone Consumer Protection Act.

38. Defendants Shargel and Yashayev have been sued previously for TCPA violations.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA U.S.C. § 227(B)

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. The TCPA prohibits placing calls or text using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has prior express written consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

41. Defendants initiated multiple text messages and multiple calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

42. Defendants' texts and phone calls were not made for "emergency purposes."

43. Defendants' texts and calls to Plaintiff's cellular telephone were without any prior express consent.

44. Defendants contacted Plaintiff despite the fact Plaintiff has been on the Do Not Call Registry since December 2007.

45. Defendants' actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the

purpose of harassing Plaintiff.

46. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

47. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her phone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

50. Defendants contacted Plaintiff despite the fact Plaintiff has been on the Do-Not-Call Registry since December 2007.

51. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

52. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

53. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble

damages.

## COUNT III
## DEFENDANT VIOLATED THE TSR

54. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55. The TSR prohibits telemarketers from initiating any outbound telephone call to a person when that person's telephone number is on the "do no call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services. 16 C.F.R. § 310.4(b)(1)(iii)(B).

56. Plaintiff has been on the Do-Not-Call Registry since December 2007.

57. Since Plaintiff was on the Do-Not-Call Registry at the time the Defendants placed calls to him, Defendant has violated the TSR.

## COUNT IV
## DEFENDANTS VIOLATED § 302.101 OF
## THE TEXAS BUSINESS & COMMERCE CODE

58. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

59. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation form a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location form which the solicitation is made.

60. Defendants violated § 302.101 of the Texas Business & Commerce Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff and Texas citizens without obtaining a registration certificate from the Office of the Secretary of State.

61. §302.302(a) of the Texas Business & Commerce Code provides that a person who

violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees and attorney fees.

Wherefore, Plaintiff, Brandon Callier, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 22 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B);

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

d. Additional treble damages of $1,500.00 per violative telephone call (a provided under 47 U.S.C. § 227(c);

e. Civil penalty of $5,000.00 for each violation of §302.302(a) of the Texas Business & Commerce Code ;

f. Civil penalty as adjusted for inflation for each violation of 47 U.S.C. § 227(b)(3)(B);

g. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Fin. Code § 392.403(b);

h. Injunctive relief (as provided under §302.302(d) of the Texas Business & Commerce Code); and

i. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice Plaintiff, Brandon Callier, demands a jury trial in this case.

March 22, 2021                                     Respectfully Submitted,

*/s/ Callie*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail Drive
El Paso, Texas 79912
915-383-4604